Ex parte JOHN CHARLES FEAGINS.

Petition of FRED C. FEAGINS.

No. A-9767.   Nov. 4, 1939.

(99 P. 2d 526.)

Fred C. Feagins, in pro. per.

Clay M. Roper, of Oklahoma City, for petitioner.

Sam H. Lattimore, Asst. Atty. Gen., for respondent.

DOYLE, P. J.   Now, on this the 4th day of November, 1939, this matter comes on for hearing upon the verified petition of the petitioner, for a release from the respondent, Fred Hunt, warden of the state reformatory, at Granite, Okla., John Charles Feagins.

The petitioner appeared in person and by his attorney of record, Clay M. Roper, and the respondent appeared by Sam H. Lattimore, Assistant Attorney General, said matter coming on for hearing by agreement of all parties, said case being a companion case of In re Walter Lee Midkiff, 68 Okla. Cr. 59, 99 P. 2d 525, and it being agreed that the evidence and pleadings in said companion case together with the exhibits attached to petitioner's petition, to be considered as evidence in this case, and the court being fully advised in the premises, finds that said petition should be granted, and the writ of habeas corpus issued. The court further finds that the father, Fred C. Feagins, is a fit and proper person to whom the said child should be delivered.

It is therefore by the court considered, ordered, and adjudged: That the writ of habeas corpus as prayed for issue, and that the warden of the state penitentiary at

Granite, Okla., Fred Hunt, be and hereby is commanded forthwith to deliver into the custody of Fred C. Feagins the said John Charles Feagins.

It is further directed that the said Fred C. Feagins keep the said John Charles Feagins for a period of ten days, either at his home in Vinita, Okla., or at the Oklahoma Military Academy at Claremore, Okla., subject to the order of the juvenile court of Craig county, Okla.

Let a copy hereof be by the clerk of this court forthwith transmitted to the clerk of the district court of Craig county, Okla., and by him spread of record in case No. 2108 same being State of Oklahoma v. John Charles Feagins et al., and the said proceedings be held null and void.